IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIAN SANTIAGO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 15-2212 |
| ST. MARY MEDICAL CENTER | : | |

**KEARNEY, J.**                                                                                                                     November 5, 2015

### MEMORANDUM

A former employee claiming her employer deprived her of the twelve weeks of leave and thus interfered with her rights under the Family Medical Leave Act ("FMLA") must plead facts consistent with her exhibits unequivocally showing her employer provided notice and the full twelve weeks. The employee may state a claim for FMLA retaliation by quoting her former employer suggesting it eliminated her job because she "was already out [and] it was only right for her to be the one" to lose her position. She may also proceed with a FMLA retaliation claim for the employer failing to reinstate her to the same or equivalent position given the temporal proximity of the protected leave and the retaliation. After three attempts, she cannot plead a retaliation claim based on termination almost two years after her FMLA leave.

In the accompanying Order, we grant in part and deny in part the employer's motion. We dismiss the FMLA interference claim with prejudice but allow specific allegations of FMLA retaliation relating to conduct during the approved leave and shortly thereafter.

I. **Alleged Facts**[1]

St. Mary Medical Center ("St. Mary") hired Dorian Santiago ("Santiago") in July 2011 as a Human Resources Assistant.[2] In April 2012, she fell in the St. Mary parking lot injuring her foot and ankle.[3] Santiago worked until July 31, 2012, when she requested FMLA leave.[4] Santiago completed St. Mary's request for leave form seeking twelve weeks of FMLA leave in a single block of time beginning August 2, 2012.[5]

The FMLA request form contains an acknowledgment in all capitalized, bolded letters stating, "I understand that my position will not be held beyond 12 weeks of leave and that I must provide medical clearance to human resources prior to returning to work."[6] Santiago signed the form under this acknowledgment.[7] Two days later, St. Mary approved Santiago's FMLA leave request beginning August 1, 2012 and expiring October 24, 2012.[8] St Mary's approval letter advised Santiago to "keep us informed regarding your status and your anticipated date of return."[9]

In September and October 2012, Santiago called St. Mary's Director of Human Resources Donna Marino "to advise . . . of her progress and to discuss her anticipated return to work date."[10] Before the October 24, 2012 expiration date, Santiago twice spoke with Marino.[11] Santiago asked Marino about her position upon returning and Marino responded the human resources department "was undergoing changes" and Marino "was unable . . . to provide [Santiago] with an answer as to the status of [her] position she held before she went out on an FMLA approved leave."[12] Marino told Santiago her position may be eliminated and, "since [Santiago] was already out it was only right for her to be the one to have her position reduced."[13] Although Santiago spoke with Marino twice before October 24, 2012, Santiago did not email Marino or anyone else at St. Mary regarding her position or anticipated return to work.[14]

2

On October 11, 2012, St. Mary sent an "FMLA Expiration Reminder Letter" to Santiago to again advise her FMLA leave expires on October 24, 2012.[15] On October 24, 2012, St. Mary sent an "FMLA Expiration Letter" to Santiago by certified mail and regular mail.[16] Santiago received the October 24, 2012 letter on October 26, 2012.[17]

Beginning on October 31, 2012, a week after her FMLA leave expired, Santiago questioned Marino about the department's restructuring and the status of her job, stating "I will be ready to come back to work in the next week."[18] Marino responded her "position has been eliminated as it exists," and advised Santiago she had thirty (30) days to look for another position when cleared to return to work.[19] Santiago did not provide a return to work request until November 9, 2012, sixteen (16) days after the FMLA leave expired.[20]

At some unknown date thereafter, Santiago applied to become a receptionist at St. Mary.[21] Santiago began working as a receptionist on January 13, 2013.[22] Santiago worked less, and St. Mary paid her less, than the hours worked and hourly wage in the human resources position.[23] In March 2013, Santiago required a second surgery and could not work until April 30, 2013 when her physician cleared her to return to work.[24] Santiago's physician returned her to work with restrictions, limiting her to sedentary work with no standing, no walking, and no climbing steps.[25] Santiago requested an accommodation, and St. Mary accommodated Santiago for a period of two weeks.[26]

On May 9, 2013, St. Mary told Santiago it could no longer accommodate her and terminated her.[27] When Santiago questioned, St. Mary retracted the termination and placed Shanks on "leave" due to Santiago's ongoing workers' compensation claim.[28] Santiago remained in "leave" status until a position opened where Santiago's accommodations could be met.[29]

On July 2, 2013, Santiago emailed Marino regarding her employment.[30] In the July 2013 time frame, Santiago requested a termination letter and a reason for termination.[31] Santiago received a letter "in or around 2014" notifying of her termination because St. Mary could not find a position "to accommodate her restrictions."[32]

On April 23, 2015, Santiago sued St. Mary and has now, in her second amended complaint, alleged claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*[33] St. Mary now moves to dismiss with prejudice Santiago's claims for interference and retaliation under the FMLA.[34]

**II.  Analysis**

The FMLA provides eligible employees "12 workweeks of leave during any 12-month period for," among enumerated reasons, "a serious health condition that makes the employee unable to perform the function of the position of such employee."[35] An eligible employee who takes FMLA leave is entitled to be "restored," upon return from leave, to (a) the position the employee held at the time leave commenced; or (b) an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.[36]

Santiago alleges FMLA interference and retaliation claims.[37] Our Court of Appeals distinguishes between FMLA "interference" and "retaliation" claims:

> [w]hen employees invoke rights granted under the FMLA, employers may not "interfere with, restrain, or deny the exercise of or attempt to exercise" these rights. Nor may employers "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful." The former provision is generally, if imperfectly, referred to as "interference" whereas the latter is often referred to as "retaliation."[38]

### A.     Santiago fails to state an FMLA interference claim.

To state a claim for FMLA interference, Santiago must allege: (1) she was an eligible employee under the FMLA, (2) St. Mary is an employer subject to the FMLA, (3) she was entitled to FMLA leave, (4) she notified St. Mary of her intention to take FMLA leave, and (5) St. Mary denied FMLA benefits to which she was entitled.[39] St. Mary argues it did not deny FMLA benefits.

Santiago claims St. Mary "violated the FMLA by eliminating [her] position while she was out on approved FMLA leave, thereby interfering with her rights under the FMLA and forming the basis of her claim of interference under the FMLA" and "interfered with [her] rights under the FMLA when it eliminated her position while she was out on approved FMLA leave in October of 2012 and did not keep it open for her."[40]

St. Mary argues Santiago's interference claim must be dismissed because, by her own pleading, she received all the FMLA leave to which she was entitled, and Santiago does not, and cannot, allege she suffered any prejudice as a result of St. Mary's actions.[41] St. Mary cites the exhibits attached to Santiago's Second Amended Complaint:

- Santiago completed and signed a "Request for Leave" form on July 31, 2012 specifically containing the acknowledgment "I understand that my position will not be held beyond 12 weeks of leave and that I must provide medical clearance to human resources prior to returning to work;"

- Santiago received St. Mary's August 2, 2012 FMLA approval letter stating her leave ran from August 1, 2012 to October 24, 2012, and her position is not FMLA protected after October 24, 2012;

- As of October 31, 2012 – one week after the expiration of her FMLA protected leave – Santiago was not ready to return to work; rather, as of October 31, 2012, she told Marino "I will be ready to come back to work in the next week;" and

- Santiago's doctor did not return her to work until November 9, 2012, more than two weeks after the October 24, 2012 FMLA expiration date.

For her interference claim to be viable, Santiago must show St. Mary actually withheld FMLA benefits.[42] Santiago does not allege St. Mary withheld FMLA benefits. There is no dispute St. Mary provided Santiago with twelve (12) weeks of FMLA leave. Santiago admits applying for, and receiving, twelve (12) weeks of FMLA leave. On August 2, 2012, St. Mary approved Santiago's FMLA leave for a twelve (12) week period expiring October 24, 2012.[43] Santiago admits her doctor represented her ability to return to work as of November 9, 2012, well over two (2) weeks beyond the twelve (12) week FMLA leave.[44] Santiago does not allege her ability to return to work as of October 24, 2012.[45] While Santiago would have been entitled under the FMLA to be restored upon expiration of her leave, St. Mary was not obligated to restore her after she exceeded the duration of her FMLA leave.[46]

Santiago does not dispute she received twelve (12) weeks of FMLA leave or her leave expired on October 24, 2012. Instead, she argues having "no knowledge that she had to submit documentation" because St. Mary "provided conflicting instructions in its documents and correspondences during [her] FMLA leave" and Marino failed to communicate with Santiago.[47] Santiago argues it is reasonable to infer had St. Mary "communicated" with her when she attempted to communicate with it, she "would have provided the required documentation for her return to work prior to the conclusion of her leave."[48] Santiago argues it can be reasonably inferred St. Mary "intentionally refus[ed] to communicate with [Santiago] to help her prepare for her return to work" and St. Mary never intended for her to return to her Human Resources position.[49]

St. Mary argues Santiago received all FMLA leave and suffered no prejudice because she was unable to return to work as of October 24, 2012.[50] St. Mary argues to the extent her FMLA

interference is based on a failure-to-notice claim or otherwise, she does not allege prejudice resulting from the alleged FMLA violation.[51]

Our Court of Appeals recognizes interference violates the FMLA § 2615(a)[52] where a plaintiff is able to establish the employer's "failure to advise rendered [her] unable to exercise that right in a meaningful way, thereby causing injury."[53] Santiago fails to provide us with case law as to how St. Mary's alleged failure to communicate violated the FMLA. While Santiago argues "had [St. Mary] communicated with [her] when [she] attempted to communicate with [St. Mary], . . . [she] would have provided the required documentation for her return to work prior to the conclusion of her leave," she tellingly does not allege she could have returned to work had St. Mary done so. To the contrary, the documents she attached to her Second Amended Complaint confirm: she signed the FMLA request form with an acknowledgment her position will not be held beyond twelve (12) weeks of leave and she must provide medical clearance to return to work; St. Mary sent her a letter approving her FMLA leave beginning August 1, 2012 and expiring October 24, 2012; and, she represented to St. Mary on October 31, 2012 - *after* the expiration of her leave - she "will be ready to come back to work in the next week." Given these documents properly reviewed at this stage, we cannot reasonably infer FMLA interference based on a "failure to advise."[54]

Santiago's pleading admits she received all FMLA benefits. We dismiss the FMLA interference claim with prejudice.[55]

### B. Santiago states a FMLA retaliation claim except as to her later termination as a receptionist.

Santiago alleges St. Mary retaliated against her for exercising her FMLA rights by: (1) eliminating her position in Human Resources while on FMLA leave; (2) refusing to restore her to the same or equivalent job; and, (3) terminating her employment.[56] The FMLA prohibits an

"employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."[57] The FMLA prohibits employers retaliating for an employee's exercise of FMLA rights.[58]

To state a claim for FMLA retaliation, Santiago must allege she: (1) invoked her right to leave; (2) suffered an adverse employment decision; and, (3) the adverse action was causally related to her invocation of FMLA rights.[59] St. Mary advances three arguments: Santiago does not allege prejudice as a result of the elimination of the Human Resources position[60] because St. Mary provided the full FMLA leave and she has not, and cannot, plead prejudice[61]; citing FMLA regulations, Santiago had no right to restoration because, as of October 24, 2012, her doctor did not clear her to return to work until November 9, 2012, more than two weeks after her leave expired[62]; and, she cannot plausibly allege a causal connection between her FMLA leave ending in October 2012 and her alleged termination in 2014.[63]

Santiago alleges St. Mary had no intention of restoring her position in human resources. Marino allegedly told Santiago the Human Resources department "was undergoing changes" and "since [Santiago] was already out it was only right for her to be the one to have her position reduced."[64] Santiago argues she pleads sufficient facts, and a reasonable inference can be drawn, to establish "she would not have suffered an adverse employment action of a transfer to a lower paying position and would not have needed to request accommodations which eventually led to her termination but-for [St. Mary's] decision to eliminate [her] position because she was out on FMLA leave."[65]

At this juncture, we find Marino's "it was only right for her to be the one to have her position reduced" because she was out on FMLA leave sufficient to state a claim for FMLA retaliation. Marino allegedly made this statement in response to Santiago's inquiry as to the

8

status of her position and anticipated return to work date before the end of her FMLA leave.[66] We find the nature of Santiago's claim to be grounded in the allegation, as evidenced by Marino's alleged comment, it retaliated against Santiago by eliminating her position *because* she was on FMLA leave, a protected activity under the FMLA.[67]

We are not persuaded, at the motion to dismiss stage, by St. Mary's argument Santiago received all the FMLA benefits to which she was entitled thus suffering no prejudice and Santiago had no right to reinstatement under the FMLA because she was not cleared to return to work at the expiration of her leave on October 24, 2012.[68] We find Santiago sufficiently pleads a retaliation claim by alleging St. Mary eliminated her human resources position while she was out on FMLA leave in retaliation for exercising her FMLA rights.

We also find Santiago alleges a retaliation claim for failing to restore her to the same or equivalent position. While Santiago does not plead her ability to return to work as of October 24, 2012, we find she does plead sufficient facts of a temporal proximity between the end of her leave and St. Mary's October 31 and November 9, 2012 communications advising her position "has been eliminated as it exists", "you need to re-apply to another position if there is something that meets your requirements and the organization's requirements", "[y]ou'll get a letter when cleared for 30 days to find another position" and, "we will work with you for up to 30 days to place you somewhere else in the organization."[69] In part, St. Mary's retaliation manifest in failing to find an equivalent position could have begun before the end of the leave and continued through November 9, 2012. Given the present deference to the pleading, we find Santiago has sufficiently alleged retaliation consisting in both eliminating her position and not restoring her to an equivalent position. At this stage, Santiago's allegations could be read to show a lack of response to St. Mary's obligation to restore her to the same or equivalent position.[70]

9

We do not find Santiago alleges an FMLA retaliation claim with respect to her termination "in or around 2014." FMLA retaliation requires the adverse action be "causally related to her invocation of rights." Here, Santiago invoked FMLA rights in 2012, approximately two (2) years before Santiago's termination. There is no temporal proximity between Santiago's protected activity of FMLA leave and her termination "in or around 2014."[71]

To demonstrate a *prima facie* case of causation, Santiago "must point to evidence sufficient to create an inference that a causal link exists between her FMLA leave and her termination."[72] Where "temporal proximity" between the protected activity and the adverse action is "unusually suggestive," an inference of causation may be drawn.[73] However, "[w]here the temporal proximity is not 'usually suggestive,' we ask whether 'the proffered evidence, looked at as a whole, may suffice to raise the inference.'"[74] We do not find Santiago pled facts giving rise to a retaliation claim relating to her 2014 termination. Santiago does not support her retaliation claim with regard to her 2014 termination. Rather, her argument hinges solely on Marino's alleged comment in October 2012 "it was only right" Santiago's position be terminated.[75] Santiago cannot plead a causal nexus between this statement and the 2014 termination.

### III. Conclusion

In her third attempt at stating a claim, Santiago is unable to plead cognizable claims for FMLA interference or FMLA retaliation through a 2014 employment termination. We find, given the deference to the allegations at this stage, Santiago may proceed on FMLA retaliation claims relating to St. Mary's Fall 2012 termination of her position and failure to restore her to a same or similar position.

---

[1] When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), we accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, we must consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)). Santiago attaches numerous documents to the Second Amended Complaint on which she relies to support her claims which we consider in ruling on St. Mary's motion.

[2] Second Amended Complaint ("SAC") at ¶ 22.

[3] *Id.* at ¶¶ 24-25.

[4] *Id.* at ¶¶ 29-30.

[5] *Id.* at ¶¶ 30-32; SAC at Exhibit "A."

[6] SAC at Exhibit "A."

[7] *Id.*

[8] SAC at ¶¶ 33-34; SAC at Exhibit "B."

[9] *Id.*

[10] *Id.* at ¶¶ 37-40.

[11] *Id.* at ¶ 41.

[12] *Id.* at ¶¶ 41-43.

[13] *Id.* at ¶¶ 45-46.

[14] *Id.* at ¶ 48.

[15] *Id.* at ¶ 51; SAC Exhibit "C."

[16] *Id.* at ¶ 52; SAC Exhibit "D."

[17] *Id.*

[18] *Id.* at ¶53; SAC Exhibit "E."

[19] *Id.* at ¶ 55; SAC Exhibit "F."

[20] *Id.* at ¶¶ 61-62; SAC at Exhibit I.

[21] *Id.* at ¶ 73.

[22] *Id.* at ¶¶ 74-75.

[23] *Id.* at ¶¶ 78-79.

[24] *Id.* at ¶¶ 80, 82.

[25] *Id.* at ¶ 82; Exhibit "J."

[26] *Id.* at ¶¶ 84-86.

[27] *Id.* at ¶¶ 89-90.

[28] *Id.* at ¶ 93.

[29] *Id.*

[30] *Id.* at ¶¶ 95-101; Exhibit "K."

[31] *Id.* at ¶ 102.

[32] *Id.* at ¶ 104.

[33] ECF Doc. No. 19.

[34] ECF Doc. No. 23.

[35] 29 U.S.C. §2612(a)(1)(D)

[36] 29 U.S.C. §2614(a)(1); *see Ross v. Gilhuly*, 755 F.3d 185, 191 (3d Cir. 2014).

[37] ECF Doc. No. 19.

[38] *Ross*, 755 F.3d at 191 (citing *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301 (3d Cir. 2012)) (*Lichtenstein I*).

[39] *Ross*, 755 F.3d at 191-92; *Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 252 n. 2 (3d Cir. 2014).

[40] SAC at ¶¶ 64, 131.

[41] St. Mary's Brief at 7-9 (ECF Doc. No. 23).

[42] *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 598 F.App'x 109, 113 (3d Cir. 2015) (*Lichtenstein II*) (citing *Ross*, 755 F.3d at 192).

[43] SAC at ¶33; Exhibit "B."

[44] *Id.* at ¶ 61; Exhibit "I."

[45] *See e.g. Thomas v. St. Mary Med. Ctr.*, 22 F.Supp. 3d 459, 473-74 (E.D. Pa. 2014) (dismissing interference claim where plaintiff received 12-weeks FMLA leave and failed to allege she was able to return to work with physician certification at expiration of FMLA leave).

[46] *Hofferica v. St. Mary Med. Ctr.*, 817 F.Supp. 2d 569, 577 (E.D. Pa. 2011) (*Hofferica I*) (citing *Keim v. Nat'l R.R. Passenger Corp.*, No. 05-4338, 2007 WL 2155656, at *6 (E.D. Pa. July 26, 2007)).

[47] Santiago Opposition at 8 (ECF Doc. No. 27-1).

[48] *Id.*

[49] *Id.*

[50] St. Mary Reply at 2-3 (ECF Doc. No. 28). St. Mary cites the documents attached to the SAC showing Santiago signed the July 31, 2012 FMLA request form acknowledging she must provide medical clearance to return to work and the position would not be held beyond 12 weeks of FMLA leave. *Id.* Santiago does not contest the authenticity of this form or explain how, in the face of the exhibits attached to her SAC, she alleges she "had no knowledge that she had to do anything further or provide any additional paperwork to [St. Mary] in order for her to return to work" or that the October 31, 2012 email exchange between her and Marino "was the first time [she] was told by Ms. Marino or anyone at [St. Mary] that she was required to advise [St. Mary] that she was able to return to work." SAC at ¶¶ 36, 58.

[51] *Id.* at 3-4.

[52] 29 U.S.C. § 2615(a)(1) prohibits interference with the exercise of FMLA rights: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

[53] *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 143 (3d Cir. 2004).

[54] *See e.g. Hofferica v. St. Mary Med. Ctr.*, 826 F.Supp. 2d 813 (E.D. Pa. 2011) (*Hofferica II*).

[55] Santiago's SAC is her third attempt to state a claim for FMLA interference. On August 18, 2015, we held oral argument on St. Mary's partial motion to dismiss the Amended Complaint (ECF Doc. No. 9). After oral argument, we entered an order granting St. Mary's motion to dismiss Santiago's FMLA interference claim without prejudice for Santiago to specifically plead all facts relating to communications to and from St. Mary regarding the particular dates and obligations under her FMLA leave (ECF Doc. No. 15). We now decline to extend Santiago another opportunity to attempt to plead an FMLA interference claim as the documents attached to the SAC confirm she is not entitled to relief on such a claim.

[56] SAC at ¶¶ 136-139.

[57] 29 U.S.C. § 2615(a)(2).

[58] *Lichtenstein I*, 691 F.3d at 301.

[59] *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 158-59 (3d Cir. 2015) (citing *Lichtenstein I*, 691 F.3d at 301-02).

[60] St. Mary Brief at 13 (ECF Doc. No. 23).

[61] *Id.* at 12-13.

[62] *Id.*

[63] *Id.* at 14-16.

[64] SAC at ¶¶ 42-46.

[65] Santiago Opposition at 12 (ECF Doc. No. 27-1).

[66] SAC at ¶¶ 45-47.

[67] *See Fleck v. WILMAC Corp.*, No. 10-05562, 2011 WL 1899198, at *9 (E.D. Pa. May 19, 2011); *Keim v. Nat'l R.R. Passenger Corp.*, No. 05-4338, 2007 WL 2155656, at *6–7, n. 6 (E.D.Pa. July 26, 2007); *McDonald v. SEIU Healthcare PA*, No. 13-2555, 2014 WL 4672493 at *15-18 (M.D. Pa. Sept. 18, 2014). These cases distinguish between FMLA's prescriptive rights to reinstatement and its proscriptive right against retaliation. We find persuasive the reasoning in *Fleck*, decided on a motion to dismiss, rejecting the argument St. Mary advances here. In *Fleck*, the Court found plaintiff's termination could constitute an adverse action under the FMLA even if she was not entitled to reinstatement under the FMLA:

> Certainly, once an employee exceeds the duration of her protected leave, the employer is not obligated by FMLA to keep open the position or to reinstate the employee upon her return. However, the focus in retaliation cases is on the subjective motive of the employer. That [the defendant] may have had a legitimate basis for its employment decision is not a complete defense to a "proscriptive" FMLA claim. While [the defendant] may generally be justified in terminating Plaintiff because she remained absent at the end of her FMLA leave, this does not necessarily preclude the finding that unlawful considerations may have nevertheless played a determinative role in the particular decision at issue.

*Fleck* at *10 (citing *Keim*, at *6).

68  St. Mary cites *Donald v. SEPTA*, No. 13-0440, 2014 U.S. Dist. LEXIS 103670, at *10 (E.D. Pa. July 29, 2014) to argue Santiago had no right to reinstatement. *See* St. Mary Brief at 13-14 (ECF Doc. No. 23). The portion of *Donald* relied upon by St. Mary is in the context of a summary judgment motion on plaintiff's FMLA ***interference*** claim. *Donald* at *10. In the context of the FMLA ***retaliation*** claim, the court in *Donald* followed *Fleck* and *Keim* and found plaintiff's termination constituted an "adverse employment action" even though plaintiff could not return to work and not entitled to reinstatement under the FMLA. *Id.* at * 20-*22.

69  SAC at ¶¶ 55, 57, 60; Exhibit "H."

70  *See Hofferica I*, 817 F.Supp.2d at 585.

71  *Lichtenstein I*, 691 F.3d at 307.

72  *Id.* (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279-81 (3d Cir. 2000)).

73  *Id.*

74  *Dove v. Community Educ. Centers Inc.*, No. 12-4384, 2012 WL 5403508, *4 (E.D. Pa. Nov. 5, 2012) (quoting *Lichtenstein I*, 691 F.3d at 307).

75  *See* Santiago Opposition at 11 (ECF Doc. No. 27-1).